UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALEJANDRO SANCHEZ,<br><br>Plaintiff,<br><br>v.<br><br>KAVULICH & ASSOCIATES, P.C.<br><br>Defendant. | 14 cv 8320 (CS)<br><br>**FIRST AMENDED COMPLAINT, filed as of right pursuant to FRCP Rule 15(a)(1)**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. This is an action for money damages and declaratory judgment, brought by an individual consumer against defendant Kavulich & Associates, P.C. for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

2. Specifically, this action relates to Defendant's illegal and abusive attempts to collect a debt that was not owed.

## JURISDICTION AND VENUE

3. Jurisdiction is conferred by 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

4. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

- 1 -

5. Venue in this District is proper under 28 U.S.C. § 1391 b(2) because the acts and transactions that give rise to this action occurred, in substantial part, in this district and because both plaintiff and defendant are located in Westchester County.

## PARTIES

6. Plaintiff Alejandro Sanchez (" Mr. Sanchez") is a natural person who currently resides in Westchester County, New York.

7. Mr. Sanchez is a consumer as defined by 15 U.S.C. § 1692a(3).

8. Defendant Kavulich & Associates, P.C. ("Kavulich") is a New York debt-collection law firm, which maintains its principal place of business at 181 Westchester Avenue, Port Chester, NY. Kavulich's principal purpose is the collection of debts; and it regularly attempts to collect debts alleged to be due to another.

9. On its website, Kavulich writes "We are more than just collection agents, we are a group of attorneys who are ready and willing to use the full extent of the law to help you collect on the commercial debt that is owed to you. Many of our collection efforts are very successful without having to resort to litigation. We will only get courts involved if your debtors don't respond to our traditional methods. . . . With a high debt recovery ratio, we know how to help you collect what is owed to you as quickly as possible. . . . Unlike most collection agencies who have to outsource some services, we do everything in-house and that results in faster

recovery and ultimately saves you money

10. Kavulich is a debt collector as defined in the FDCPA §1692a(6).

## FACTS

11. Mr. Sanchez worked as the live-in superintendent of 455 North Broadway (the "Building"), a three-building residential complex in Yonkers.

12. Mr. Sanchez and his family occupied the building's "superintendent's apartment" (Apartment 50)(the "Apartment").

13. Mr. Sanchez occupied the Apartment without benefit of a lease.

14. Mr. Sanchez paid no rent or use and occupancy for the Apartment.

15. Upon information and belief, in or about mid-June of 2008, the Building was sold to Gazi Realty LLC ("Gazi").

16. At some point thereafter, Gazi informed Mr. Sanchez that he would not be retained as the superintendent of the Building.

17. Mr. Sanchez immediately began searching for another place of employment.

18. In the interim, Mr. Sanchez offered to show Gazi what it would need to know about the operation of the Building,

19. Gazi agreed, gratefully accepting Mr. Sanchez's lessons regarding the furnace, the lighting systems, the parking areas, and the many other things that an owner must understand to operate a building.

20. At no point did Gazi discuss rent with Mr. Sanchez, other than *to assure* Mr.

Sanchez that he could remain in the super's apartment rent-free while looking for work.

21. At no point did Gazi offer Mr. Sanchez a lease agreement, either in writing or orally.

22. At no point did Gazi and Mr. Sanchez discuss a monthly rental amount for the Apartment.

23. During August of 2008, Mr. Sanchez received an offer of employment as a live-in super from Riveredge Owners, Inc., a cooperative apartment located at 1 David Lane, Yonkers, NY.

24. Mr. Sanchez and his family left the Building and moved into 1 David Lane during the first week of September, 2008.

25. At that time, Mr. Sanchez completely vacated the Building and returned his keys.

26. Years passed, and more than five years later, on or about October 30, 2013, Mr. Sanchez received a summons and complaint in a Yonkers City Court action captioned Gazi Realty, LLC v. Alejandro Sanchez, bearing the index number 585/13 (the "State Court Action").

27. The summons and complaint, prepared by and signed by Kavulich, claimed tha Mr. Sanchez had breached a lease agreement and owed Gazi $6,336.88 in rent arrears. The complaint also sought to collect legal fees of $500 from Sanchez.

28. According to the complaint, Gazi and Mr. Sanchez had "agreed" upon a monthly rental of $1350.

29. This was not true, and on or about November 19, 2013, Mr. Sanchez filed a pro se answer, pleading that there was no agreement between himself and Gazi.

30. Kavulich then made a motion in the State Court Action to amend its complaint. In relevant part, Kavulich stated: "In that summons and complaint, your Affirmant stated that the Defendant owed rental arrears to the Plaintiff. . . . However, upon review of your Affirmant's file as provided by your Affirmant's client, that type of damages is incorrect. Defendant actually owes damages in the form of use and occupancy due to the lack of a lease agreement between the parties."

31. Attached to Kavulich's motion to amend its complaint was a proposed amended complaint. At that time, Kavulich was freely admitting that there was no lease agreement. Nonetheless, Kavulich continued, in his proposed amended complaint, to seek attorneys' fees against Mr. Sanchez.

32. Mr. Sanchez, still without counsel, opposed the motion.

33. On April 4, 2014, the State Court denied Kavulich's motion to amend its complaint.

34. Thereafter, Sanchez retained the undersigned as counsel, and Mr. Sanchez's counsel moved for summary judgment, arguing that the complaint was based upon a lease, which lease Kavulich itself had since admitted did not exist.

35. In arguing in opposition to the motion for summary judgment, Kavulich once again made false statements. Kavulich submitted a conclusory affidavit from its client, arguing that there was "an agreement" in which Mr. Sanchez had agreed to pay $1350/month. In supposed support of Gazi's position, Kavulich attached a "move-out report" which contradicted virtually everything in Gazi's affidavit.

36. This move-out report—records that Gazi's agent has vouched for—shows a zero balance as of July 1, 2008, which contradicts the text of Gazi's affidavit and contradicts the pleadings. Instead, it supports Mr. Sanchez's contention that he owed nothing for the month of June, 2008.

37. The move-out report also shows that the base rent is zero for July, August, and September of 2008, which is fully in accord with Mr. Sanchez's position and contradicts Gazi's position, as put forth by Kavulich.

38. The move-out report shows no base rent for this apartment until September 15, 2008, which is after Mr. Sanchez vacated the apartment.

39. On September 16, 2014, the Yonkers City Court granted Mr. Sanchez's motion for summary judgment, and the State Court Action was dismissed.

## CAUSE OF ACTION

**Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.***

40. Plaintiff repeats and re-alleges and incorporates by reference the foregoing paragraphs.

41. By undertaking the above referenced collection activities, Defendants violated 15 U.S.C. § 1692 et seq. Specifically and without limitation:

   a. Defendant violated the FDCPA by attempting to collect a debt that was not owed. This activity violates 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(10), 1692f, and 1692f(1)

   b. Defendant violated the FDCPA by falsely representing that there was a lease between Gazi and Mr. Sanchez and that Mr. Sanchez had agreed to a $1350/month in rent or use and occupancy. These statements violate 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(10), 1692f, and 1692f(1);

   c. Defendant failed to make a meaningful review of the file prior to filing a complaint in State Court, in violation of 15 U.S.C. §1692e(3); had Defendant made such a review, Defendant would have known that there was no lease or other rental agreement and that Defendant was seeking to collect a debt that was not owed;

   d. Defendant violated the FDCPA by attempting to collect legal fees without any legal right to such fees, making them a debt which could not legally be collected, in violation of 15 USC §§ 1692e(2)(A), 1692e(5), 1692e(10), 1692f, and 1692f(1).

42. As a result of Defendants' misconduct, Mr. Sanchez has suffered actual damages, including the costs and attorneys fees associated with *defending against*

the State Court Action, as well as anxiety, stress, pain and suffering.

43.     As a result of these violations, Mr. Sanchez is entitled to statutory damages of up to $1,000.00, actual damages, and attorney's fees and costs for this action.

**WHEREFORE,** plaintiff respectfully requests that this Court award:

(a) Declaratory Judgment that Defendant's conduct violated the FDCPA;
(b) Actual damages;
(c) Statutory damages;
(d) Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k; and
(e) Such other and further relief as law or equity may provide.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury as to all issues so triable.

Dated:    November 12, 2014
          Pleasantville, New York

                              Respectfully Submitted,

                              /s/ Elizabeth Shollenberger
                              Elizabeth Shollenberger, Esq.
                              Schlanger & Schlanger, L.L.P.
                              343 Manville Road
                              Pleasantville, NY 10570
                              T: 914-946-1981, ext. 103
                              F: 914-946-2930
                              elizabeth.shollenberger@schlangerlegal.com